# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

| | |
|---|---|
| **D.F.H. *Ex. Rel.* DAVID HAMMONDS and TRACY HAMMONDS,** | ) ) ) |
| **Plaintiffs,** | ) ) Case No.: 5:11CV-183-R |
| v. | ) ) JURY DEMAND |
| **KENTUCKY OAKS MALL, LTD,** | ) ) |
| **Defendant.** | ) |

## COMPLAINT

**COME NOW** the Plaintiffs, D.F.H. *ex. rel.* David Hammonds and Tracy Hammonds, by and through their undersigned counsel, and for their Complaint states as follows:

### NATURE OF THE COMPLAINT

1. This is a civil action arising under the laws of the United States, and is brought pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*

### THE PARTIES

2. Plaintiff D.F.H. is a six-year-old who, at all relevant times, resided in McCracken County, Kentucky with his parents, Plaintiff David Hammonds and Plaintiff Tracy Hammonds.

3. Defendant Kentucky Oaks Mall, LTD is a limited partnership with its principal office at 2445 Belmont Avenue, Youngstown, OH 44504. Its registered agent for service of process is Thomas J. Keuler, who may be served at 555 Jefferson, Paducah, KY 42001.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's claims pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, because they raise federal questions pursuant to 28 U.S.C. § 1331.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts giving rise to this lawsuit occurred in this judicial district and Defendant conducts business and engaged in the conduct alleged in McCracken County, Kentucky, which is located within this judicial district.

## FACTUAL BACKGROUND

6. Plaintiff D.F.H. has Autism Spectrum Disorder, a developmental disability affecting how his brain handles information. This condition causes Plaintiff D.F.H. to suffer from diminished social skills, difficulty communicating, impulsive behavior, severe upset at minor changes, and unusual emotional reactions, among other things.

7. Plaintiff D.F.H. also suffers from Sensory Integration Dysfunction, a related condition in which the nervous system is unable to interpret sensory information correctly. In Plaintiff D.F.H., this results in hypersensitivity to various environmental stimuli, including brightness of lights, music volume levels, and scents.

8. Individuals with Sensory Integration Dysfunction can adapt to mitigate or even overcome the disorder by controlled exposure to stimuli in a safe environment.

9. Plaintiff D.F.H., as a result of his Autism Spectrum Disorder and/or his Sensory Integration Dysfunction, needs to be carried in a cart that surrounds his entire body when entering new or otherwise over-stimulating environments.

10. Defendant operates a shopping center known as Kentucky Oaks Mall in Paducah, Kentucky. Defendant's shopping center has more than thirty stores offering products and services for sale in interstate commerce.

11. In or about August 2011, Plaintiffs David Hammonds and D.F.H. went to Kentucky Oaks Mall. They entered Dick's Sporting Goods, where Plaintiff David Hammonds placed Plaintiff D.F.H. in one of the shopping carts available at that store to provide Plaintiff D.F.H. the enveloping environment he needs to calm him around the fluorescent lights and ambient music and sounds.

12. Plaintiff David Hammonds asked an employee of Dick's Sporting Goods if they could take the shopping cart into the mall to keep Plaintiff D.F.H. calm in the new environment. The employee agreed.

13. Plaintiffs David Hammonds and D.F.H. went into the mall and visited a candy shop and other stores without any significant adverse events by Plaintiff D.F.H.

14. Plaintiffs returned to Kentucky Oaks Mall in September 2011, again entering Dick's Sporting Goods and placing Plaintiff D.F.H. in a shopping cart to minimize the adverse effects of the various stimuli.

15. This time, however, the same employee of Dick's Sporting Goods said Plaintiffs could not take the cart into the mall because, after Plaintiff's previous visit, Defendant's on-site property manager had aggressively confronted the employee and ordered her not to let Plaintiffs in the mall area with a cart again.

16. Thereafter, Plaintiff David Hammonds spoke with Defendant's marketing manager in the property manager's absence. The marketing manager stated Plaintiffs' only

option for using a device that would hold and transport Plaintiff D.F.H. was to pay Defendant to rent a child stroller or a wheelchair.

17. A few days later, Plaintiff David Hammonds met with Defendant's property manager. Plaintiff David Hammonds explained Plaintiff D.F.H.'s medical condition and need for the cart to help him get acclimated to Defendant's environment until he could enter the environment without assistance.

18. Defendant's property manager, however, repeated that Plaintiffs' only option was to pay Defendant to rent a stroller or a wheelchair.

19. Plaintiff David Hammonds told the property manager that Plaintiff D.F.H., at over four feet tall, could not fit in a stroller and would not receive the "enveloping" environment he needs from a wheelchair.

20. Defendant's property manager responded that he was "not responsible for [Plaintiff D.F.H.'s] therapy" and emphasized that Plaintiffs would have to pay Defendant for one of its devices in order to bring Plaintiff D.F.H. into the mall.

21. Non-disabled individuals, such as "mall walkers," have used and continue to use shopping carts for balance or other purposes without retribution or sanction by Defendant.

22. Allowing Plaintiff D.F.H. to use a shopping cart to enter the mall would not fundamentally alter the Defendant's business operations or facilities.

23. Plaintiff D.F.H.'s use of a shopping cart in the mall would not present any threat of harm to any other patrons or customers of Defendant.

## COUNT I

### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

24. Plaintiffs reallege and incorporate herein the allegations contained in Paragraphs 1 through 23 as if they were set forth fully herein.

25. Defendant's shopping center is a place of public accommodation subject to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*

26. Defendant's actions alleged herein constitute a violation of Title III of the Americans with Disabilities Act.

27. Defendant's violation of the ADA denied Plaintiff D.F.H. the right to access a place of public accommodation.

### PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF PRAYS FOR RELIEF AS FOLLOWS:

1. That Defendant be served and required to answer within the time prescribed by law;

2. That a jury of eight try this cause;

3. That, upon the trial of this matter, the Court enter a permanent injunction requiring Defendant to modify its policies and practices to comply with Title III of the Americans with Disabilities Act, pursuant to 42 U.S.C. § 12188(a)(1) and 42 U.S.C. § 2000a-3(a);

4. That costs and discretionary costs be taxed against Defendant;

5. That costs and attorneys' fees be assessed against Defendant pursuant to 42 U.S.C. § 12188(a)(1) and 42 U.S.C. § 2000a-3(b).

6. That such other remedies as shall be necessary and proper to eliminate all violations complained of herein be awarded as provided by law; and

7. For such other and further relief as the Court may find appropriate.

Respectfully submitted,

s/ D. Wes Sullenger
D. Wes Sullenger, KY BAR # 91861
TN BPR # 021714

Sullenger Law Office, PLLC
1324 Jefferson Street
Paducah, KY  42001
Voice: (270) 443-9401
Fax:    (270) 443-3624

wes@sullengerfirm.com

*Attorney for the Plaintiffs,*
*D.F.H., David Hammonds, and*
*Tracy Hammonds*